Derek M. RICHTER, Plaintiff,

v.

CITY OF COMMERCE CITY, COLORADO, Troy Smith, in his individual capacity, David Cubbage, in his individual capacity, and Karen Stevens, in her individual capacity, Defendants.

Civil Action No. 15–cv–01826–MEH

United States District Court, D. Colorado.

Signed May 10, 2016

Matthew Zachary Crotty, Crotty & Son, PLLC, Thomas Gregory Jarrard, Law Office of Thomas G. Jarrard, Spokane, WA, for Plaintiff.

Ashley Marie Hernandez-Schlagel, J. Andrew Nathan, Marni Nathan Kloster, Nathan Dumm & Mayer PC, Steven Jay Dawes, Sr., The Law Office of Steven J. Dawes LLC, Denver, CO, for Defendants.

## ORDER ON PLAINTIFF'S MOTION TO EXCLUDE

Michael E. Hegarty, United States Magistrate Judge.

Before the Court is Plaintiff's Rule 702 Motion to Preclude Charles T. Passaglia from Testifying or Offering Opinions Regarding Legal Issues [*filed March 25, 2016; docket # 48*]. The motion is fully

briefed, and the Court finds oral argument (not requested by the parties) will not assist in the adjudication of the motion. For the reasons that follow, the motion is granted.

## I. Background

Plaintiff initiated this action on August 24, 2015, claiming Defendants took adverse employment actions against him in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). Specifically, Plaintiff alleges that he suffered discrimination and retaliation by the Defendants because of his service with the Colorado Army National Guard and the workplace absences that this service necessitated. Defendants answered denying Plaintiff's allegations and asserting 17 affirmative defenses, including the claim that "[a]ll actions referenced by Plaintiff involving these Defendants were based on legitimate, non-discriminatory, and non-retaliatory reasons." Answers, docket # 22 at 21; docket # 25 at 16.

On October 26, 2015, the Court issued a Scheduling Order containing deadlines for discovery and other pretrial matters. Docket # 28. Later, the Court *sua sponte* acknowledged that the Scheduling Order erroneously omitted a deadline for filing motions raising issues under Fed.R.Evid. 702, 703, or 704, and set the deadline for June 6, 2016 (the same deadline set for filing dispositive motions). Docket # 42.

On March 25, 2016, Plaintiff filed the present motion pursuant to Rule 702 arguing that Defendant's designated expert on USERRA matters, Charles Passaglia, Esq., is not qualified to be considered a "USERRA expert" under the applicable law and rules, and his opinions are improper legal conclusions. Defendants counter[1]

that Passaglia is an active military service member, has been involved with the military since 1989, and has experience in "handling issues and providing advice, counseling and training in USERRA." In addition, Defendants contend that Passaglia's opinions are "proper and admissible, and if this Court finds that a portion of an opinion is impermissible, the entire opinion should not be precluded." Plaintiff replies that "USERRA expert testimony is not needed in this case"; Passaglia's affidavit is inconsistent with the discovery responses he provided to the Plaintiff; and, the circumstances of this case are nearly identical to those in a Tenth Circuit case in which the court found inadmissible expert testimony that concluded the defendants had violated the plaintiff's constitutional rights.

## II. Legal Standards

■ Federal Rule of Evidence 702 states, in pertinent part,

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. As the rule makes clear, while required, it is not sufficient that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Rather, the Court must "perform[ ] a two-

---

**1.** Defendants Commerce City, Smith, and Stevens filed a response brief with which Defen-

dant Cubbage joined. *See* dockets ## 50, 51.

step analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir.2006). After "determin[ing] whether the expert is·qualified by 'knowledge, skill, experience, training, or education'·to render an opinion," *id.* (quoting Fed.R.Evid. 702), the specific proffered .opinions must be assessed for reliability. *See id.*; *see also* Fed.R.Evid. 702 (requiring that the testimony be "based upon sufficient facts or data," be the "product of reliable principles and methods," and reflect a reliable application of "the principles and methods . . . to the facts of the case").

■■■ Rule 702 "imposes on the district court a gatekeeper function to 'ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir.2004) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)). To execute that function, the Court must "assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir.2003) (citing *Daubert*, 509 U.S. at 592–93, 113 S.Ct. 2786). When assessing reliability, "the court may consider several nondispositive factors: (1) whether the proffered theory can [be] and has been tested; (2) whether the theory has been subject to peer review; (3) the known or potential rate of error; and (4) the general acceptance of a methodology in the relevant scientific community." *103 Investors I*, 470 F.3d at 990 (citing *Daubert*, 509 U.S. at 593–94, 113 S.Ct. 2786). These considerations are not exhaustive. Rather, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Ultimately, the test

requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of any expert in the relevant field." *Id.*

■ While the proponent of the challenged testimony has the burden of establishing admissibility, its proffer is tested against the standard of reliability, not correctness; a proponent need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology. was otherwise reliably applied." *United States v. .Crabbe*, 556 F.Supp.2d 1217, 1221· (D.Colo.2008) (citing *Mitchell v. Gencorp Inc.*, 165 F.3d 778, 781 (10th Cir. 1999)).

## III. Analysis

Defendants argue that Passaglia should be allowed to "refer[ ] to the law when expressing an opinion" so long has he does "not ˙define the legal parameters within which the jury exercises its fact-finding function."· Response, docket # 50 at 10 (citations omitted). ˙The Court agrees generally with this proposition, but finds that Passaglia's opinions improperly encroach the jury's duty to apply the law to the facts.

■ The proponent of expert testimony bears the burden of showing that the expert's·testimony is admissible. *Baumann v. Am. Family Mut. Ins. Co.*, 836 F.Supp.2d 1196, 1200 (D.Colo.2011) (citing *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir.2009)). The Tenth Circuit Court of Appeals has described the burden as follows:

Under Rule 702, the district court must satisfy itself that the proposed expert · testimony is both reliable and relevant, in that it will assist the trier of fact,

before permitting a jury to assess such testimony. In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified by knowledge, skill, experience, training, or education to render an opinion. Second, if the expert is sufficiently qualified, the court must determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology, as set forth in *Daubert.*

*Nacchio*, 555 F.3d at 1241 (internal quotations and citations omitted except as shown). Expert testimony, which will assist the trier of fact to understand the evidence or to determine a fact in issue, may be admitted under Fed.R.Evid. 702, if relevant and not otherwise excluded. *Federal Deposit Ins. Corp. v. Refco Group, Ltd.*, 184 F.R.D. 623, 629–30 (D.Colo.1999).

In *Specht v. Jensen*, 853 F.2d 805, 806 (10th Cir.1988), the Tenth Circuit found inadmissible the testimony of an attorney "expert" who "state[d] his views of the law which govern[ed] the verdict and opine[d] whether defendants' conduct violated that law." The court recognized the "significant difference between an attorney who states his belief of what law should govern the case and any other expert witness." *Id.* at 808. The court went on:

> While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury. When an attorney is allowed to usurp that function, harm is manifest....

*Id.* at 808–09. The *Specht* court explained further:

> The line we draw here is narrow. We do not exclude all testimony regarding legal issues. We recognize that a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. In-

deed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms. For example, we have previously held that a court may permit an expert to testify that a certain weapon had to be registered with the Bureau of Alcohol, Tobacco, and Firearms. In that case, however, the witness did not invade the court's authority by discoursing broadly over the entire range of the applicable law. Rather, the expert's opinion focused on a specific question of fact.

> * * *

> [A]n expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

*Id.* at 809–10 (internal citations and note omitted); *see also United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir.1979) ("an expert witness cannot state legal conclusions by applying law to the facts, passing upon weight or credibility of the evidence, or usurping the province of the jury by telling it what result should be reached."); *A.E. By and Through Evans v. Independent Sch. Dist. No. 25*, 936 F.2d 472, 476 (10th Cir.1991) (citing *Jensen* and stating that "an expert may not state legal conclusions drawn by applying the law to the facts").

Here, Plaintiff contends that the headings Passaglia uses for each of his opinions constitute improper legal conclusions. Defendants do not disagree but counter that "[t]he headings do not represent the entire

opinion, and each opinion should be considered in its entirety." Response, docket # 50 at 10. The Court agrees that each heading states a legal conclusion (*see* docket # 50-1)—which is improper expert testimony—but will review the entirety of each opinion to determine its admissibility.

A. *"Commerce City has been More Generous than USERRA Requires and is More Generous than Many Employers"*

■ Defendants assert that this opinion is proper in that "Passaglia discusses the facts he considered in reaching his opinions, and the methodology he employed in determining the benefits Plaintiff received during his employment with the City, along with the benefits he received as a member of the military provided [sic] him a substantial financial benefit." *Id.* at 11. Defendants state that Passaglia's opinions in this respect are "likely outside of the average jurors' knowledge and experience, as most people do not deal with employers' policies on benefits provided to military service members." *Id.*

First, the Court perceives no "methodology" by which Passaglia "determined" Plaintiff's benefits. Rather, the report reflects that Passaglia reviewed discovery materials, including Defendants' employment policies, the applicable collective bargaining agreement ("CBA"), deposition transcripts, the "DFAS website," and the Plaintiff's employment records. Docket # 50-1 at 5-9. From his review, Passaglia made findings of fact and came to various conclusions after applying the law, including that Plaintiff benefitted from Defendants' employment policies concerning USERRA *and* "received a windfall through his employment with the City." *Id.* Nota-

bly, many of the "facts" providing the bases for Passaglia's opinions could be easily presented to a jury by a human resources official, likely one employed by the City.[2]

The Court concludes that the opinion states legal conclusions by applying law to the facts, passes upon the weight or credibility of the evidence, and usurps the province of the jury by telling it what result should be reached. *See Jensen,* 608 F.2d at 1356. Accordingly, Passaglia will be precluded from testifying to his first opinion.

B. *"The Failure to Obtain a More Desirable Shift Assignment Does Not Constitute a Violation of USERRA"*

According to Passaglia, "the denial of a more desirable shift assignment does not necessarily constitute a violation of USERRA. Reserve and Guard members are not entitled to preferential treatment from their civilian employers." Docket # 50-1 at 10. Defendants argue that "Passaglia's opinions on this issue will assist the jury in helping to explain the shift bidding process, the management and staffing considerations behind making the policy and the decision that was made, and how the policy impacts and may be applied to employees who are military service members." Response at 12.

Again, this opinion was based on Passaglia's review of the case records (including the CBA and the pleadings), his findings of fact, and his application of the law to the facts. In fact, as Defendants concede, Passaglia compares the circumstances of this matter to a case decided by the Seventh Circuit Court of Appeals and argues that "rescission of the favorable shift schedule could not be the 'denial of a

---

**2.** The only portion of this opinion that may constitute expert testimony is Passaglia's opinion that "pay differential programs for military members are not common." However, he bases the opinion on the Mountain States Employer's Council's 2014 Paid Time Off Survey, not necessarily on his own knowledge and experience.

benefit of employment' under [38 U.S.C. § ] 4311(a)." Docket # 50–1 at 12. Certainly, a human resources or union official can testify to the contents of the CBA for the jury's consideration. There is nothing in this opinion that will assist the jury to understand the evidence or to determine a fact in issue, and it improperly "defines the law of the case." *Specht*, 853 F.2d at 810. Passaglia may not testify as to his second opinion.

### C. *"Karen Stevens and Lieutenant Cubbage are not Employers Liable under USERRA"*

Passaglia opines that "Ms. Stevens acted at all times in her capacity as an attorney for the City and not as a supervisor of [Plaintiff]" and "there is no evidence [Cubbage] was the approval authority for shift assignments." Docket # 50–1 at 13–14. Defendants argue that Passaglia's opinion "will assist the jury in understanding and drawing its own conclusions related to the actions taken by Stevens and Cubbage and whether those actions fall within the definition of 'employer' under USERRA." Response at 13.

For this opinion, Passaglia reviewed the pleadings, Plaintiff's deposition, and certain documents obtained in discovery to find facts and apply the law. And, as in his second opinion, Passaglia here applies a court decision (Northern District of Illinois) to the facts of this case to argue his conclusions. Nothing in this opinion will assist the jury and the Court finds it inadmissible as usurping the court's and the jury's roles.

### D. *"The Fitness for Duty Exam Requirement in this Case did not Violate USERRA"*

Passaglia opines that Plaintiff "was reemployed promptly in accordance with USERRA and he cannot otherwise establish an adverse action in this regard sufficient to support a viable claim of discrimination or retaliation." Docket # 50–1 at 16. Similar to the first three opinions, Passaglia reviews the case record, compares the circumstances of this case to a Sixth Circuit decision, and applies the law to the facts. The Court disagrees with Defendants that this opinion is necessary to "assist the jury in understanding City policy [and] practice and that municipalities, [ ] especially police departments, have to be cognizant and diligent about fitness for duty to protect the employees and the public." Response at 14. Certainly, a City official may simply testify regarding these issues. Thus, the entire opinion is inadmissible and Passaglia is precluded from testifying to it.

### E. *"Failure to Participate in the Promotion to Commander did not Violate USERRA"* and *"Failure to Participate in the Promotion to Sergeant did not Violate USERRA"*

Defendants contend that Passaglia's fifth and sixth opinions will "assist the jury in understanding the requirements and standards of City policy related to promotional opportunities, the City's policies compared with other municipal employers, the reasons why the City acted as it did and why its actions were reasonable." Response at 15. For his fifth opinion, Passaglia asserts that "there is no evidence to show that [Plaintiff]'s military service was a motivating factor in the alleged adverse action. [He] was not permitted to apply for a discretionary opportunity after the application window had closed and the successful candidate had been selected, because he'd never expressed any interest in the position during the application period, and not because of his military service." Docket # 50–1 at 19. Passaglia repeats the same for his sixth opinion, except he states, "[Plaintiff] has not provided evidence that he was declined to be considered *because* of his military service." *Id.*

at 20 (emphasis in original). Passaglia came to these conclusions after reviewing the pleadings and Plaintiff's deposition, and applying the USERRA to the facts. Again, the opinions will not assist the jury and Passaglia will not be permitted to testify to them.

## IV. Conclusion

The Court acknowledges that nearly every portion of Passaglia's report may be presented, as applicable, to the jury by a human resources or management official, or to the Court by way of a persuasive brief; however, the Court must conclude that pursuant to Rule 702 and the applicable law, the report may not be presented as expert testimony.

THEREFORE, based upon the foregoing and the entire record before the Court, Plaintiff's Rule 702 Motion to Preclude Charles T. Passaglia from Testifying or Offering Opinions Regarding Legal Issues [*filed March 25, 2016; docket # 48*] is **granted**. Mr. Passaglia may not testify as an expert regarding the opinions set forth in his February 22, 2016 report.

